**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| S. EMANUEL LIN, | No. 20-55954 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-00966-DMG-SP |
| v. | |
| CITY OF PERRIS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted June 29, 2022**

Before: WALLACE, D.W. NELSON, and FERNANDEZ, Circuit Judges.

S. Emanuel Lin, proceeding pro se, appeals from the district court's

judgment dismissing with prejudice Lin's diversity action against the City of

Perris, Matthew Johnson, WRSP, LLC, and WSRP, LLC, seeking to shut down a

gun range operating adjacent to Lin's property in Riverside County, California. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal on grounds of res judicata. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 n.1 (9th Cir. 2016). We affirm.

The district court properly dismissed Lin's claims that the City of Perris breached its duty of honest services under 18 U.S.C. § 1346 and committed extortion and wire fraud in violation of 18 U.S.C. §§ 875(d) and 1343 and California Penal Code § 523(a) because those claims are precluded by a prior state-court judgment. *See id.* at 1023 ("In California, claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits in the first suit." (citation, internal quotation marks, and alterations omitted)).

The district court did not abuse its discretion in dismissing the action with prejudice because Lin failed to comply with the court's order to file a Second Amended Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" (citations omitted)).

The district court did not abuse its discretion in denying Lin's motion for default judgment against WSRP, LLC, or in setting aside the clerk's entry of default, because the record contains no evidence that WSRP, LLC exists. *See* Fed.

2

R. Civ. P. 55(c) (district court may set aside an entry of default for good cause); *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (describing standard of review and factors a district court may consider in exercising discretion as to default judgment).

We decline to consider matters not specifically raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**